IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03248-BNB

ELMER B. RUSSELL,

      Petitioner,

v.

OTERO COUNTY COURT, OTERO COUNTY, COLORADO,
DOUGLAS R. MANLEY, Judge,
COLORADO DEPARTMENT OF REVENUE, Driver Control,
COLORADO FAMILY REGISTRY,
STATE OF ALASKA DEPARTMENT OF REVENUE, Child Support Enforcement,
LEORA BILLINGS, Montezuma County Department of Social Services,

      Respondents.

_____

ORDER OF DISMISSAL

_____

Petitioner, Elmer B. Russell, is a resident of Goodland, Kansas.  Mr. Russell,

acting *pro se*, filed on December 13, 2012, a document titled "Petition for Writ of

Habeas Corpus With Motion to Stay Proceedings" (ECF No. 1) and a "Motion for Order

of Stay of State Proceedings Otero County Case No. 12 T 515" (ECF No. 3).

Jurisdiction is asserted pursuant to 28 U.S.C. § 2251, although § 2251 only appears

applicable to the motion for stay.

Mr. Russell has failed either to pay the $5.00 filing fee for a habeas corpus action

or to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28

U.S.C. § 1915 in a Habeas Corpus Action.  However, he will not be directed to cure this

deficiency because, for the reasons stated below, the action will be dismissed.

In the petition, Mr. Russell alleges he is charged in Case No. 12 T 515 in county court in Otero County, Colorado, with driving while his Colorado driving privilege was suspended and driving without a seat belt.  He asks this Court to order the Otero County Court to dismiss the charges and order the State of Colorado to reimburse the $95.00 he paid to reinstate his driving privilege.  To the extent Mr. Russell seeks relief against the states of Alaska and Arizona, the Court is without jurisdiction to grant his requests.

The Court must construe Mr. Russell's filings liberally because he is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.

Mr. Russell is subject to untried criminal charges.  Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995).  To establish extraordinary or special circumstances, a party must be facing an irreparable injury that is both great and immediate.  *See Younger*, 401 U.S. at 46.  The exceptions to *Younger* provide only for a "very narrow gate for federal intervention."  *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

The Supreme Court has established three factors that are relevant to determine whether abstention is required under *Younger*.  *See Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). (citations omitted).  In determining whether *Younger* is appropriate, a court considers whether:

2

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (citation and quotation marks omitted).  "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."  *Id.* (citation omitted).

In the instant action, all three conditions are met.  Mr. Russell is involved in a state criminal proceeding that is ongoing, as evidenced by his pending criminal case in Otero County Court.  Second, Mr. Russell has not demonstrated that the state court is not an adequate forum to hear his constitutional challenges.  Third, there are important state interests in allowing the Colorado state court to resolve the issues brought by Mr. Russell.

Further, no exceptions to *Younger* exist in this case.  Mr. Russell's challenge to the state charges for driving while his Colorado driving privilege was suspended and driving without a seat belt does not demonstrate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing, state-court, criminal proceedings.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).  Because Mr. Russell fails to assert an exception to *Younger*, the Court should abstain from exercising jurisdiction.  *See, e.g., D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

Moreover, if Mr. Russell's sentence and conviction are ultimately upheld in state court and he believes that his federal constitutional rights were violated, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the document titled "Petition for Writ of Habeas Corpus With Motion to Stay Proceedings" (ECF No. 1) that Petitioner, Elmer B. Russell, filed *pro se* on December 13, 2012, is denied and the action dismissed without prejudice pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). It is

FURTHER ORDERED that, to the extent Mr. Russell seeks relief against the states of Alaska and Arizona, the Court is without jurisdiction to grant his requests.  It is

FURTHER ORDERED that "Motion for Order of Stay of State Proceedings Otero County Case No. 12 T 515" (ECF No. 3) is denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this ___28___ day of ___December___, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court